UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HELEN M. ADAMS**, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| **INTEGRAL SENIOR LIVING** | ) |
| **MANAGEMENT, LCC,** | ) |
| | ) |
| **HILLTOPPER ASSISTED LIVING, LLC**, | ) |
| | ) |
| *-and-* | ) |
| | ) |
| **GRACE GARDENS HOLDINGS** | ) |
| **OPERATIONS NT-HCI, LLC,** | ) |
| | ) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiff Helen M. Adams, by counsel, states the following as her cause of action against Defendants Integral Senior Living Management, LLC, Hilltopper Assisted Living, LLC, and Grace Gardens Holdings Operations NT-HCI, LLC:

### Parties

1. Plaintiff Helen M. Adams is a citizen and resident of the state of South Dakota. Before being hospitalized because of the personal injuries described below, and then moving permanently from the state of Kansas to be closer to her daughter and son-in-law, Plaintiff resided at the Leawood Gardens assisted living facility ("Leawood Gardens") located at 5201 W. 143rd Street, Leawood, Kansas.

2. Defendant Integral Senior Living Management, LLC ("Integral Management") is a limited liability corporation organized under the laws of the state of Nevada. As reflected on the

1

fifth page of the license application that accompanies this Complaint as Exhibit A, two persons own Integral Management, *viz.,* Sue Farrow and Collette Leigh Gray, each of whom reside in California.  Upon information and belief, no person who is a citizen of South Dakota is a direct or indirect owner or member of Integral Management.

3. Defendant Hilltopper Assisted Living, LLC ("Hilltopper") is a limited liability corporation formed under the laws of the state of Kansas.  As reflected on the third page of the license application that accompanies this Complaint as Exhibit A, Hilltopper is owned by NRFC Grace Gardens Holdings, LLC, the address of which is in New York, New York.  Upon information and belief, no person who is a citizen of South Dakota is a direct or indirect owner or member of Hilltopper.

4. Defendant Grace Gardens Holdings Operations NT-HCI, LLC ("Grace Gardens") is a limited liability corporation formed under the laws of the state of Delaware.  As reflected on the fourth page of the license application that accompanies this Complaint as Exhibit A, Grace Gardens is owned by TRS NT-HCI, LLC, the address of which is in New York, New York.  Upon information and belief, no person who is a citizen of South Dakota is a direct or indirect owner or member of Grace Gardens.

5. At all times material hereto, Defendant Integral Management was licensed by the Kansas Department for Aging and Disability Services ("KDADS") to operate Leawood Gardens as an "adult care home" as that term is defined by K.S.A. 39-923 (a)(15).

6. At all times material hereto, Defendant Hilltopper was the owner of the business premises located at 5201 W. 143rd Street, Leawood, Kansas.

7. At all times material hereto, Defendant Grace Gardens was the lessee of the business premises located at 5201 W. 143rd Street, Leawood, Kansas.

8. The actions and inactions alleged below were committed by employees and agents of each named defendant acting within the course and scope of her or his employment or agency while present in the state of Kansas and/or with knowledge that her or his actions and inactions would materially impact the operation, ownership and/or leasing of the subject business premises.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because Plaintiff and each member of the above-named limited liability corporations are citizens of different states, and the amount in controversy exceeds $75,000.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## General Allegations of Fact

11. Plaintiff Helen M. Adams was admitted and became a resident at Leawood Gardens on November 30, 2018, weighing 135 lbs. and having diagnoses of memory loss, osteoporosis, and the need for gait and balance training.

12. On May 11, 2020, Plaintiff was found on the floor of her Leawood Gardens apartment complaining of back pain. That same day, a detached grab bar and mounting brackets were contemporaneously found on the floor of Plaintiff's apartment. As shown in the accompanying photographs (Exhibits B through E), the grab bar had been installed using plastic drywall anchors. Such installation contravenes industry standards and practices, grab-bar installation instructions, KDADS regulations, and applicable building codes. *See generally infra* ¶¶ 19-21, Exhibit G hereto & Exhibit H hereto.

13. The following day, May 12, 2020, Plaintiff's daughter, Lisa A. Smith, requested that her mother – who was suffering from increasingly severe back pain – be hospitalized.

14. As a result of Ms. Smith's request, and not at the behest of the Defendants, Plaintiff was transported emergently to St. Luke's South hospital on May 12, 2020, where Plaintiff was diagnosed with a burst fracture of her L1 vertebrae.

15. On May 13, 2020, Plaintiff underwent a resulting spinal fusion which was performed by Dr. Yusef Mosely, M.D.

16. Following six days of hospitalization at St. Luke's South, Plaintiff required significant additional rehabilitative care including, without limitation, admission to Nottingham Health and Rehabilitation for 22 days from May 18, 2020, to June 9, 2020.

17. Plaintiff continues today to suffer significant pain, trauma, and dysfunction as a direct result the subject fall.

## COUNT I – GENERAL NEGLIGENCE

(Plaintiff v. All Defendants)

18. The preceding paragraphs of this pleading are incorporated by reference.

19. Defendants had a duty to ensure that the living facilities they managed, owned and leased were constructed, inspected and maintained in a manner such that the living facilities, including Plaintiff's apartment itself, remained reasonably safe and secure for occupancy by elderly adults who are in need of assisted living.

20. Regulations promulgated by the KDADS for the licensure and operation of assisted living/residential health care facilities such as Leawood Gardens state: "Grab bars, or sufficient blocking in the wall to support a grab bar, shall be provided at all toilets, showers, and tubs accessible to residents." K.A.R. 28-39-256(5). The governing KDADS regulations adopt by reference chapters one through four and chapter six of the Americans with Disabilities Act

Accessibility Guidelines ("ADAAG") codified at 28 C.F.R. part 36, appendix A, as in effect on July 1, 1994.  K.A.R. 28-39-105(c)(2).

21. Together with the International Building Code, as adopted by the City of Leawood, Kansas, and in effect on the date of Plaintiff's May 2020 fall at Leawood Gardens, the ADAAG requires that grab bar installation be sufficiently sturdy to support a vertical or horizontal force of at least 250 lbs. applied at any point along the grab bar, fastener mounting device, or supporting structure.  *See* Exhibit H.

22. Defendants breached their duty of care owed to Plaintiff by:

a. failing to install the subject grab bar in a manner that was safe, secure, and in full compliance with all governing industry standards, practices and codes;

b. failing to repair and/or reinstall the grab bar, e.g., after a watermain break caused significant structural damage at Leawood Gardens in 2017, in a manner that was safe, secure, and in full compliance with all governing industry standards. practices and codes;

c. failing to inspect and maintain the grab bar as a safe and secure assistive device; and

d. failing to satisfy the codified licensure standards and building codes that are pled in paragraphs 20 and 21 above, thereby establishing *per se* negligence for all resulting injuries that Plaintiff sustained.

23. As a direct and proximate result of the above actions and inactions, Plaintiff sustained a severe and debilitating fall, was hospitalized and underwent invasive back surgery, required prolonged rehabilitation, and has endured significant ongoing pain, anxiety, mental anguish, loss of ambulatory function, loss of dignity, and loss of the enjoyment of life.

## COUNT II – PREMISES LIABILITY

(Plaintiff v. All Defendants)

24. The preceding paragraphs of this pleading are incorporated by reference.

25. As owners and occupiers of the subject housing facility, considering all relevant circumstances including the foreseeable fact that extreme bodily harm could befall an elderly person such as Plaintiff should a grab bar be installed in the manner pled above, Defendants had a duty to exercise reasonable care in maintaining the subject real estate free from nonobvious defects such as the improperly installed grab bar.

26. Defendants breached their duty of care and damaged Plaintiff as pled above.

WHEREFORE, Plaintiff prays that the Court enter judgment on Counts I and II above in her favor and against Defendants Integral Senior Living Management, LLC, Hilltopper Assisted Living, LLC, and Grace Gardens Holdings Operations NT-HCI, LLC, jointly and severally, for a sum of money that is fair and reasonable in excess of $75,000; for her legal costs and expenses; and for such other and further relief as the Court deems just and appropriate.

### Demand for Jury Trial

Plaintiff demands trial by jury on all issues that are so triable in this civil action.

Respectfully submitted,

**Law Offices of Douglas L. Carter, P.C.**

By: /s/ Douglas L. Carter
Douglas L. Carter     KS #19023
Jonathan K. McCoy     KS # 18537
2345 Grand Blvd., Suite 1675
Kansas City, Missouri 64108
Phone: (816) 283-3500
E-mail: doug@carter.law
jon@carter.law

***COUNSEL FOR PLAINTIFF***