UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

HELEN M. ADAMS,

                Plaintiff,

v.                                       Case No. 21-2378-DDC

INTEGRAL SENIOR LIVING
MANAGEMENT, LLC, et al.,

                Defendants.

## ORDER TO SHOW CAUSE

Plaintiff's complaint alleges this federal court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse. However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002). The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And, it "must dismiss the cause at any stage of the proceedings in which

it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, the complaint names three limited liability companies as defendants. As to the first defendant, Integral Senior Living Management, LLC, plaintiff properly alleges the two members and their citizenship. But as to the remaining two defendants, Hilltop Assisted Living, LLC and Grace Garden Holdings Operations NT-HCI, LLC, the complaint states they are owned by other limited liability companies, yet does not state the citizenship of each member of the owner companies. Exhibit A to the complaint indicates they both ultimately may be owned by NorthStar Healthcare Income, Inc., but plaintiff does not address the citizenship of that corporation.[1] Thus, the allegations fail to establish citizenship for diversity jurisdiction purposes.

**IT IS THEREFORE ORDERED** that by **November 29, 2021,** the parties file a joint status report, with affidavits attached, demonstrating the citizenship of each of the defendants and showing cause why this case should not be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated November 12, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[1] And if NorthStar Healthcare Income, Inc. is not the sole member of the owner limited liability companies, the identity and citizenship of additional owners should be disclosed.